THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERTO G. LEYVA, Defendant-Appellant.

First District (3rd Division)    No. 62895

Opinion filed March 16, 1977.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnick, Jr., and Timothy Quinn, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Roberto Leyva, was convicted of rape by a jury and sentenced by the circuit court of Cook County to 6 to 12 years in the penitentiary. Defendant appeals, arguing that he was not proved guilty beyond a reasonable doubt, that improper hearsay not falling within the fresh-complaint rule was admitted, that the trial court erred in permitting the State to exceed the scope of direct examination in cross-examining a defense witness, and that the prosecutor committed prejudicial error during closing argument.

We affirm.

The record discloses the following pertinent facts. On April 3, 1974, an act of sexual intercourse occurred between defendant and the prosecutrix. The victim testified that after she received some change from the building manager's babysitter and made a telephone call, defendant solicited her to come to his apartment. She refused, but he followed her to her apartment, entered the apartment behind her, refused to leave when asked, talked with her for 10 minutes, struggled with her, slapped her, bruised her, performed the sex act, and then left. Her husband testified that when he came home, he found his wife sobbing, with her head in her hands. In response to his question of what happened, she told him of the rape. He then summoned the police. The responding officers, Gary Staken and Michael Anast, quickly arrived on the scene, talked with the couple, noticed a bruise on her right wrist, recovered a knit cap from under a table, and took the victim to a nearby hospital for treatment. Officer Staken testified that she was crying, shaking, and stuttering as she told him what happened. Police Investigator Roppel testified that after the victim was finished at the hospital, she led him to defendant's apartment and there identified Roberto Leyva as the man who raped her. The victim's next door neighbor testified that during the afternoon, she heard a

woman's voice saying "get out of here," and the sound of a heavy object, like furniture or a body, being thrown around the victim's apartment.

The defendant's testimony was that he and the complainant had sexual relations together seven times before April 3; six times in his apartment and once in her apartment. The act of sexual intercourse on April 3 was entirely voluntary on her part. As he was dressing afterwards, her husband walked in and chased him out. He left his hat in the apartment. Since defendant spoke mostly Spanish, he was assisted by an interpreter throughout the trial. On rebuttal, the victim denied every having sexual relations with the defendant. Her husband denied fighting with the defendant. After a trial by jury, defendant was found guilty of rape and was sentenced to 6 to 12 years in the penitentiary.

■■ Defendant's first argument on appeal is that he was not proved guilty of rape beyond a reasonable doubt because the complainant's testimony was not clear and convincing and because the other evidence in the case failed to corroborate her story. It is claimed that her testimony was not clear and convincing because (1) she remembered defendant's apartment number immediately, showing that she probably had been there before; (2) it is improbable that defendant would rape a resident of the same building he lived in; (3) she allowed defendant to follow her inside her apartment without either screaming or telling him to go away; (4) she allowed defendant to stay in her apartment for 10 minutes without raising an outcry; and (5) that after the incident she dressed and sat on her couch until her husband arrived home, rather than seeking immediate assistance. The People argue to the contrary, contending that her behavior was understandable under the circumstances, since she thought she could remain in control of the situation without seeking assistance. It is further argued that since defendant used force against his victim and that the victim's next door neighbor heard the sound of a heavy object being thrown around in the victim's apartment, her story was corroborated and there was sufficient evidence to prove the offense of rape beyond a reasonable doubt. Having carefully reviewed the record, we believe that the complaining witness' testimony was clear and convincing, and that there was sufficient evidence to prove defendant guilty of rape beyond a reasonable doubt.

■■ · Defendant's second argument on appeal concerns the husband's testimony that when he came home and asked his wife why she was crying, she said she was raped by a man down in the lobby who had asked her for change and came up behind her. Defendant contends that this testimony contains improper and prejudicial hearsay which does not fall within the spontaneous declaration exception to the hearsay rule, as explained in *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25.

Defendant's position is that the testimony was improper because (1) it was in response to a question of "what happened"; (2) the statement was made an hour after the event; and (3) it contains details of the rape. Having examined the husband's testimony in light of *Damen*, we make the following observations. The fact that the husband asked "what happened" was insufficient to destroy her statement's spontaneity. The fact that the statement was made an hour after the event was insufficient to destroy its spontaneity where the evidence showed that the victim did not remember what she did during the interval and there is testimony describing the victim's traumatic hysteria. Since we hold under *Damen* that the victim's excited statements to her husband properly qualified as spontaneous declarations because of her dazed and excited condition, we need not consider the contentions that the statement's details were erroneously considered under the corroborative statement rule.

The defendant's third argument on appeal is that the trial court erred in permitting the State to exceed the scope of direct examination in cross-examining a defense witness. The record shows that the manager of the apartment building testified on direct examination as defendant's witness concerning what she perceived on the afternoon of the crime; *inter alia*, that she had not hired a babysitter that day and that she did not hear any screams all afternoon. On cross-examination, the prosecution asked her whether she had seen the defendant that day. She said that she had seen him four or five hours earlier, sitting in the lobby. Defendant argues that this testimony was improper since it exceeded the scope of direct examination. The State argues that since the direct examination concerned the events on the day of the crime, cross-examination as to what she saw that day was proper, too.

■■ The pertinent law was stated in *People v. Davis* (1974), 19 Ill. App. 3d 709, 715-16, 312 N.E.2d 360, 364:

> "Cross-examination should be limited to matters brought out on direct and it is improper to question a witness concerning irrelevant matters for the purpose of contradicting his testimony. [Citation.] At the same time, it is competent to develop all the circumstances within the knowledge of a witness which qualify his direct testimony, even if, strictly speaking, the subject introduced is new and one which should be part of the cross-examiner's own case. [Citation.] It is for the trial judge to determine the permissible scope of cross-examination and his ruling will not be disturbed unless it constitutes a clear abuse of discretion, leading to manifest prejudice to the defendant."

Having examined the record, we find that although the inquiry technically exceeded the scope of direct examination, the testimony elicited did not raise any new subjects to defendant's prejudice. Since the defendant's

location on the afternoon of April 3 was already at issue, we hold that any error, if committed, was not prejudicial to the defendant. *People v. Millet* (1965), 60 Ill. App. 2d 22, 208 N.E.2d 670.

■■ The defendant's final argument on appeal is that the prosecutor committed prejudicial error during closing argument. The record states:

> "Prosecutor: [The victim] is not on trial. The degradation of that experience and the effect that it will have on her life is something that she and her husband will have to wrestle with, but the pack of lies that the rapist, lover-boy here told you folks from that witness stand—
>
> Defense Counsel: Objection
>
> The Court: Objection sustained. The jury is instructed to disregard the comment by counsel."

Defendant argues that this closing argument was improper and prejudicial, citing *People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880. The State argues to the contrary, contending that such comments were well supported by the evidence since defendant testified that he had consensual sexual relations with the complainant on seven occasions prior to the April 3 incident, thereby making him a lover-boy. Similarly, the testimony of the State's witness established that defendant committed an act of rape and that the defendant's credibility was at issue. We believe that the trial court's prompt ruling and instruction to the jury cured any error which may have occurred. The argument complained of is not anywhere near that which was condemned in *Weathers*. There was no prejudice to defendant.

For the above mentioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.